IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 09-22179-JAD |
| | : | |
| JEFFREY A. BOWER and | : | Chapter 7 |
| MICHELLE A. BOWER, | : | |
| | : | |
| Debtors. | : | |
| _____X | | |
| | : | |
| JEFFREY A. BOWER, | : | Doc. # 95 |
| | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | |
| GEORGE MYFORD, | : | |
| | : | |
| Respondent. | : | |
| | : | |
| _____X | | |

**MEMORANDUM OPINION**

The matter before the Court is a Motion to Avoid Judicial Lien Impairing Exemptions (the "Motion") filed by debtor Jeffrey A. Bower ("Mr. Bower"). Pursuant to 11 U.S.C. § 522(f), the Motion seeks to avoid a judicial lien (the "Lien") on real property owned by Mr. Bower and his wife, Michelle A. Bower ("Mrs. Bower," and together, the "Debtors"), obtained by the respondent, George Myford (the "Respondent"). For the reasons set forth more fully below, the Court grants the Motion.

The Debtors commenced the above-captioned bankruptcy case on March 30, 2009 by filing a joint petition for relief under Chapter 13 of the Bankruptcy Code. In Schedule C of their petition, the Debtors valued their interest in real property (the "Property") at $185,000.00, of which they exempted $40,400.00 pursuant to 11 U.S.C. § 522(d)(1), and $835 pursuant to § 522(d)(5). (See Doc. # 10, p. 16). The Property is also valued at $185,000.00 in Schedule A. (See id. at p 10). The Schedules also reveal that Property is subject to two mortgages, in the amounts of $99,777.00 and $40,682.00. (See id. at p. 19). In addition, the Debtors' Schedules identify fifteen separate claims in Schedule F, including the Respondent's claim in the amount of $1,670.00. (See id. at p. 23). No objections have been filed to the values or exemptions as scheduled.[1]

On December 13, 2013, Mr. Bower filed his Motion to avoid the Respondent's Lien. (See Doc. # 95). The Lien attached to Mr. Bower's interest in the Property upon the filing of a judgment obtained by the Respondent against Mr. Bower on January 13, 2009 (the "Judgment") in the amount of $1,670.00 plus $89.00 in costs. Mr. Bower asserts that the Lien may be avoided to the extent that it impairs the exemptions he has taken in the Property, as reflected on the Debtors' Schedule C. (See Doc. # 95, p. 2). The Respondent filed a Response on January 3, 2014 (see Doc. # 97), and a hearing on the matter was held on January 29, 2014. The matter is ripe for decision.

---

[1] The Court also notes that the parties verbally confirmed that there was no dispute of valuation at the hearing held on January 29, 2014. (See Hearing Held in Courtroom D, January 29, 2014 (10:45 AM)).

-2-

Pursuant to section 522(f), debtors may "avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is -- (a) a judicial lien." 11 U.S.C. § 522(f)(1). Four requirements must be satisfied for a lien to be avoidable: (1) the lien must be a judicial lien; (2) the lien must have fixed on an interest of the debtor in the property; (3) the debtor claims and is entitled to exempt that property interest of section 522(b); and (4) the lien impairs the exemption. Wansor v. First Place Bank (In re Wansor), 346 B.R. 147, 148 (Bankr. W.D. Pa. 2006).

In the instant case, the Lien is a judicial lien fixed on Mr. Bower's interest in the Property, Mr. Bower claimed a valid exemption in his interest in the Property, and the Lien impairs the exemption. This Court has found that a lien against one tenant in entireties property is at least an inchoate lien and may be avoided under section 522(f) as impairing a debtor's exemption. See In re Wansor, 346 B.R. at 151 (finding that a recorded judgment lien held against a debtor-husband was at least an inchoate lien against real property that the debtor-husband owned with his debtor-wife, and could accordingly be avoided in their joint bankruptcy as impairing debtor's entireties exemption in property). Thus, the Respondent's Lien against Mr. Bower is at least an inchoate lien on the interest in entireties Property which impairs the exemption taken in such Property.

Next, the Court addresses to what extent the Lien can be avoided. Section 522(b)(2)(A) provides that "a lien shall be considered to impair an

-3-

exemption to the extent that the sum of -- (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens." 11 U.S.C. § 522(f)(2)(A). Pursuant to the formula provided in section 522(f)(2)(A), the Lien impairs the exemption by $3,079, which is an amount that exceeds the total amount of the Lien.[2] Thus, the Court finds that the Lien may be avoided in its entirety under section 522 as impairing the exemption in the Property.

The Court also notes that the Lien could also likely be avoided as a preference under 11 U.S.C. § 547(b), as the Judgment was entered within 90 days before the Debtors filed their bankruptcy petition. Section 547(b) provides:

> the trustee may avoid any transfer of an interest of the debtor in property -- (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debtor owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made -- (A) on or within 90 days before the date of the filing of the petition . . . (5) that enables such creditor to receive more than such creditor would receive if -- (A) the case were a case under chapter 7 of this title; (B) the transfer had not been made; and (C) such creditor received payment of such debt to the extent provided by the provisions of this title.

---

[2] Applying the formula provided in section 522(f)(2)(A), the Court calculates the final sum to be $188,079, representing the sum of the Lien ($1,670.00), all other liens on the Property ($140,459.00 in mortgages), and the amount of the exemption that the debtor could claim if there were no liens on the property ($45,950, or $22,975.00 for each debtor; see 11 U.S.C. 522(m) ("Subject to the limitation in subsection (b), this section shall apply separately with respect to each debtor in a joint case.")). See 11 U.S.C. § 522(f)(2)(A).

11 U.S.C. § 547. However, because the Court finds the Lien should be avoided as impairing the exemptions taken in the Property, the Court will not analyze avoiding the Lien under section 547.

For the foregoing reasons, the Motion is granted, and the Respondent's Lien is avoided in its entirety with respect to the Property.

Date: 3.27.2014

**JEFFERY A. DELLER**
United States Chief Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
Robert B. Marcus, Esq.
George Myford

**FILED**

MAR 27 2014

CLERK, U.S. BANKRUPTCY COURT
WEST. DIST OF PENNSYLVANIA

-5-